MEMORANDUM OPINION



No. 04-04-00366-CR



Reynaldo ROCHA, Sr.,


Appellant



v.



The STATE of Texas,


Appellee



From the 293rd Judicial District Court, Zavala County, Texas


Trial Court No. 03-10-02892-ZCR


Honorable Fred Shannon, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: January 5, 2005


AFFIRMED.

 A jury found appellant, Reynaldo Rocha, guilty of delivery of a controlled substance. The trial
court, in accordance with the jury's assessment, sentenced Rocha to fourteen years confinement. In
two issues on appeal, Rocha complains of ineffective assistance of counsel. After reviewing the
record, we conclude the record contains insufficient evidence to hold Rocha received ineffective
assistance of counsel. Therefore, we affirm the trial court's judgment.

Ineffective Assistance of Counsel

 In two issues, Rocha contends he was denied effective assistance of counsel under the Sixth
Amendment to the United States Constitution. U.S. Const. amend. VI. Specifically, Rocha contends
that his counsel was deficient for failing to object to DPS Special Agent Ricardo Sanchez's testimony
that drug smugglers commonly hand over packages in such a way as to avoid imprinting their
fingerprints; failing to adequately prepare Rocha's sole witness by not prepping her to avoid giving
a broad response that opened the door for introduction of Rocha's prior criminal convictions; and
failing to object to the introduction of Rocha's prior criminal convictions.

 To reverse a criminal defendant's conviction on ineffective assistance grounds, the defendant
must demonstrate by a preponderance of the evidence that: 1) counsel's performance was so deficient
as to fall below an objective standard of reasonableness; and 2) there is a reasonable probability but
for counsel's unprofessional errors, the result of the proceeding would have been different. Rylander
v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003) (citing Strickland v. Washington, 477 U.S.
668, 691 (1984)). A reasonable probability is one sufficient to undermine confidence in the outcome
of the proceeding. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). As a reviewing
court, we cannot speculate as to the reasons why trial counsel acted as he did; rather, we must be
highly deferential and presume trial counsel's actions fell within the wide range of reasonable and
professional assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Any
allegations of ineffectiveness must be firmly founded in the record, and the appellant must prove he
was denied a fair trial based on the totality of the representation, not by isolated instances or by only
a portion of the trial. Id. at 835 ("Ineffective assistance of counsel claims are not built on
retrospective speculation"); McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert.
denied, 519 U.S. 1119 (1997). Generally, the trial record will not suffice to establish an ineffective
assistance of counsel claim. Thompson, 9 S.W.3d at 813-14. A silent record usually cannot rebut
the presumption that counsel's performance resulted from sound or reasonable trial strategy. Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

 Rocha did not file a motion for new trial. Because no ineffective assistance claim was
advanced, no hearing was conducted to review defense counsel's strategy. We have searched the
record and found no explanation of the motivation behind the defense counsel's trial decisions. Since
the record is silent as to all of Rocha's complaints, to find Rocha's trial counsel ineffective on the
basis of the record before this court would require us to speculate, which we cannot do. Bone, 77
S.W.3d at 830. Because the record is silent regarding any explanation for counsel's actions, we
conclude Rocha has failed to overcome the strong presumption that his counsel performed in a
reasonably professional manner. See id. at 833; Thompson, 9 S.W.3d at 813-14.

Conclusion

 We overrule Rocha's issues on appeal and affirm the trial court's judgment.


 Catherine Stone, Justice


DO NOT PUBLISH